UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney Parker, | ) | C/A No.   5:13-cv-02795-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Warden Stevenson, Maj Sutton, Cpt | ) | |
| Washington, Lt Jackson, Sgt Esterline, Sgt | ) | |
| JC Williams, Ofc Beckett, Ofc McCoy, | ) | |
| Ofc Suarez, Ofc Dooley, Nurse K | ) | |
| McCullough, Nurse Jane Doe | ) | |
| | | |
| Defendants. | | |

    This is a 42 U.S.C. §1983 civil rights complaint.  This court has previously directed that the Complaint be served on all Defendants; however, the attempted service upon Defendant Lt Jackson at Broad River Correctional Institution ("BRCI"), 4460 Broad River Road, Columbia, SC 29210, by the United States Marshal's Service was returned because Lt. Jackson was not properly identified for service.  *See* ECF No. 29.

    Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 120 days after the complaint is filed, this court must dismiss an action without prejudice as to that particular defendant.  Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal is mandatory unless good cause is shown if a defendant is not served within 120 days.  *See, e.g., Epstein v. White*, No. 90 C 4641, 1991 WL 214152 (N.D. Ill. Oct. 18, 1991); *cf. McMasters v. U. S.*, 260 F.3d 814 (7th Cir. 2001); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297 (7th Cir.

1

1991).  However, the court may order that service be made within a specified time.  *See* Rule 4(m), Fed. R. Civ. P.

Accordingly, Plaintiff is hereby directed to provide to the Clerk of Court, within twenty (20) days of the date of this Order, an updated service form with information sufficient to identify Lt. Jackson should he desire to attempt service upon the named Defendant again. Such information may include Lt. Jackson's first name, race, sex, approximate height and weight, other identifying marks, and/or what area or unit Lt. Jackson worked in at BRCI at the time of the incident in question.  A blank summons form and a USM-285 form are attached to this Order for Plaintiff's use.

IT IS SO ORDERED.

December 16, 2013                                     Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge