IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Parker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 5:13-cv-2795-TLW |
| ) | |
| Warden Stevenson; Major Sutton; ) | |
| Captain Washington; Lt. Jackson; Sgt. ) | |
| Esterline; Sgt. JC Williams; Ofc. Beckett; ) | |
| Ofc. McCoy; Ofc. Suarez; Ofc. Dooley; ) | |
| Nurse K. McCullough; and Nurse Jane Doe, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Rodney Parker ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983 on or about October 15, 2013 alleging violations of his constitutional rights related to his confinement at Lieber Correctional Institution ("LCI"). ECF No. 1.[1] Defendants filed their initial Motion for Summary Judgment on May 19, 2014. ECF No. 61. On October 30, 2014, the United States Magistrate Judge to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C., filed the First Report and Recommendation ("the First Report") on October 30, 2014, recommending granting summary judgment in favor of Defendants. ECF No. 80. The Court accepted the First Report over Plaintiff's objections. ECF No. 85. Plaintiff appealed the dismissal

---

[1] A document is considered filed on the date it was properly delivered to prison officials for mailing to the court. *Houston v. Lack*, 487 U.S. 266 (1988).

1

of the case. ECF No. 88. On October 20, 2015, the Fourth Circuit remanded the case to this Court for further proceedings to apply the *Iko* standard and to consider whether the record blatantly contradicts the evidence Parker proffered that he was subjected to excessive force with respect to the Eighth Amendment claim. ECF No. 96. Thereafter, Defendants filed a Supplemental Motion for Summary Judgment, ECF No. 106, to which Plaintiff filed a Response in Opposition, ECF No. 117. This Court remanded the case back to the Magistrate Judge for a supplemental report.

This matter is now before the Court for review of the Supplemental Report and Recommendation ("the Report") filed on March 30, 2016. ECF No. 119. In the Report, the Magistrate Judge recommends denying Defendants' supplemental motion for summary judgment. Defendants filed timely Objections to the Report on April 18, 2016. ECF No. 121. This matter is now ripe for disposition.

In the Supplemental Report, the Magistrate Judge sets forth in detail the relevant facts and standards of law. The Court incorporates the Magistrate Judge's recitation of the facts and the legal standards herein. Defendants object to the Report to the extent it recommends denying summary judgment as to Plaintiff's Eighth Amendment claim.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an

> objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In their motion, Defendants maintain that they are entitled to summary judgment on the excessive force claim because the evidence submitted by the parties irrefutably shows that Defendants did not violate the Plaintiff's Eighth Amendments rights where the video evidence and affidavits "blatantly contradict" that Plaintiff was subjected to excessive force. ECF No. 106. After applying the standard outlined in *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008), the Magistrate Judge recommends that this Court deny summary judgment, allowing the Plaintiff's claim for excessive force to proceed to trial, because the gaps in video evidence create material issues of fact as to the second and third *Iko* factors. ECF No. 119.

In their objections, Defendants argue that the missing portion of the video recording does not create an issue of fact as to the second *Iko* factor, which is "(2) the relationship between the need and the amount of force used." Defendants assert that the existing video clips do not show any injury and the SCDC nurses' affidavits state that they did not observe scarring from handcuffs or any injuries indicating that Plaintiff sustained a beating as asserted. Defendants allege that the foregoing is sufficient evidence to demonstrate that reasonable force was used in light of the fact that Plaintiff threw feces and refused directives to voluntarily surrender. In light of the video evidence that exists and the video evidence that does not exist, this question is a close one.

After considering the Defendants' assertions and the Report, this Court will adopt the Magistrate Judge's analysis that the video evidence and affidavits are not conclusive as to the force used or the injuries suffered. In light of the unavailable footage, the Court adopts the Magistrate Judge's conclusion that there is an issue of material fact as to whether the Plaintiff was subjected to unreasonable force applying the *Iko* standard.

Defendants also assert in their objections that the missing portion of the video recording does not create an issue of fact as to the third *Iko* factor, which is "the extent of any reasonably perceived threat that the application of force was intended to quell." Defendants object to the Magistrate Judge's conclusion that, because of the missing portion of the video recording, there is a question of material fact as to whether Plaintiff eventually complied or surrendered such that there may have been a diminished threat or no threat that required quelling. Defendants assert that the third factor weighs in their favor because no excessive force was used. As noted, the Report concludes that a genuine issue of material fact exists as to the third *Iko* factor, specifically whether Plaintiff complied or surrendered during the extraction when the video camera battery allegedly died. This Court accepts the Magistrate Judge's analysis and recommendation that the motion for summary judgment be denied.

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the relevant filings, the Report, and Defendants' objections. After careful consideration, **IT IS ORDERED** that the Report, ECF No. 119, is **ACCEPTED.** Accordingly, Defendants' Supplemental Motion for Summary Judgment, ECF No. 106, is **DENIED**.

In light of this Court's acceptance of the Magistrate Judge's Report and Recommendation resulting in the excessive force claim surviving summary judgment, the Magistrate Judge is

4

hereby directed: (i) to seek Consent from all parties to conduct all proceedings in this matter, including trial, before the Magistrate Judge; (ii) to enter a Scheduling Order; and (iii) if the Magistrate Judge deems it appropriate, to appoint counsel to represent the Plaintiff should the case proceed to trial.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*_____
TERRY L. WOOTEN
Chief United States District Judge

August 15, 2016
Columbia, South Carolina